## Case No. 1,222.

### BEECHER v. BININGER et al.

[7 Blatchf. 170.] [1]

Circuit Court, S. D. New York. Feb. 11, 1870.

BANKRUPTCY — EQUITY SUIT — ACT OF 1867 — GROUNDS FOR INJUNCTION AND RECEIVERSHIP.

1. Where an assignee in bankruptcy brings a suit in equity in this court, under the second section of the bankruptcy act of March 2d, 1867, (14 Stat. 518,) against a person claiming adversely a title to property in the possession of such person, to have the question of such title, as between such assignee and such person determined, he must, in order to entitle himself to an injunction pendente lite, restraining such person from intermeddling with such property, and to a receivership thereof, show some emergency, some peril of loss which the court will be unable completely to redress; and the danger must be clear, and the right, in general, free from reasonable doubt.

[Cited in Norton v. Barker, Case No. 10,349.]

[2. Cited in Farmers' Loan & T. Co. v. Kansas City, W. & N. W. R. Co., 53 Fed. 196, note, to the point that the appointment of a receiver is discretionary with the court.]

[In equity. Bill by John S. Beecher against Abraham Bininger and others.] This was a motion for a provisional injunction, and a receiver. [Motion denied.]

Francis N. Bangs, for plaintiff.

Roger A. Pryor, for defendants.

Before WOODRUFF, Circuit Judge, and BLATCHFORD, District Judge.

WOODRUFF, Circuit Judge. The bill of complaint herein alleges, that, by the decree of the district court, the defendants Bininger and Clark, co-partners in business, have been

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

adjudged bankrupts; that the plaintiff has, in pursuance of the provisions of the bankrupt act, been appointed assignee, and the property and estate of the bankrupts have been assigned to him, as is directed by section fourteen of the act; that the bankrupts heretofore composed the co-partnership firm of Abraham Bininger & Co.; that, prior to the institution of the proceedings in the district court, wherein they were declared bankrupts, one of the partners, Clark, had filed his complaint, in equity, in the superior court of the city of New York, for the determination of their interests in the co-partnership property, and the defendants Hanrahan and Barr had been appointed receivers of the property of the said firm, and were in the actual possession of the property; that said receivers exclude the plaintiff from any possession or control of the property, so that he cannot make an inventory thereof; that Clark will not make such inventory, and the plaintiff cannot particularly specify the same, but he gives a general description thereof, and avers that, if properly administered, it is sufficient for the payment of all the debts of the bankrupts; that nearly all of the creditors have proved their debts in the proceedings in bankruptcy; that the receivers have set themselves to defeat those proceedings, resist the attempts of the marshal to possess himself of the property under the warrants of the district court, have converted a portion of the property into money, and refuse to deliver possession to the plaintiff, or to render him an account, and claim an excessive amount as fees or commissions as receivers; and that, by these means, the plaintiff is prevented from administering his trust as assignee, and the effect and operation of the act of congress are impeded, hindered, and delayed. Upon the principal facts thus alleged, with some other details, the plaintiff seeks, by way of relief, a decree that the title of Bininger and Clark to the property is divested, except such as they may claim under and through him as assignee; that the receivers' title is divested, except so far as they have a lien for their just fees or commissions as receivers; and that they deliver the property to the plaintiff, as such assignee, to be by him administered. As auxiliary to such relief, the plaintiff prays for an injunction restraining the defendants from intermeddling with the property, restraining Clark from prosecuting his said action in the superior court of the city of New York, and restraining the defendants from preventing the marshal from taking possession of the property. He also prays that a receiver of the property may be appointed by this court.

Upon this bill the plaintiff moves for an injunction and a receiver according to the prayer. The defendant Clark and the receivers resist the motion on various grounds, and, among others, that Bininger and Clark had committed no act of bankruptcy; that the

state court had acquired jurisdiction of the property, in the action brought by Clark for the settlement of the affairs of the co-partnership, before any proceedings in bankruptcy were instituted; that, by the appointment of the receivers, the title of the bankrupts was divested, and became vested in such receivers; that neither the jurisdiction of the state court, nor the title of the receivers, was divested by the decree in bankruptcy, or the appointment of the assignee; that the state court has jurisdiction to proceed with the settlement of the co-partnership affairs, the payment of the creditors of the firm, and the distribution of the property; that the receivers are warranted in acting, and are bound by law, and by their bonds as receivers, to hold and administer the property under the direction of the state court; that such property is to be deemed in legal custody, from which it ought not to be, and cannot legally be, taken by the federal courts; and that there is no ground for impeaching the administration to which the property is subject in the state court, which proceeds in such cases according to the rules of equity alike recognized by the federal and state courts, and will apply the property to the payment of the debts of the firm on equitable principles, and with the equality of distribution which governs the administration of the estate of a bankrupt in the federal court.

It is quite certain that this court cannot listen to any argument which proceeds upon the allegation that the decree by which Bininger and Clark were adjudged bankrupts was erroneous in fact or in law. The pendency of proceedings in this court for the review of that adjudication may furnish a reason why, if there is no danger of injury to the property or serious loss to the bankrupts or their creditors, this court should not summarily interfere with the temporary custody of the property; but this court will not, on a mere motion of this description, suffer a collateral attack upon that decree, and proceed upon any assumption that such decree is erroneous, but will presume the contrary to be true. On the other hand, a plaintiff coming by motion to this court, and asking its summary interposition by an injunction and a receivership pendente lite, must show other grounds than a mere conflict of claim to the title and possession of the property which is the subject of litigation.

It is quite true that proceedings in bankruptcy are summary in their nature, and that the purpose and design of the bankrupt act is to make them summary and speedy in effecting the purposes of its enactment. To this end a very extensive summary jurisdiction is given to the district court, as a court of bankruptcy, by the first section of the act. This extends to the collection of all the assets of the bankrupt, the ascertainment and liquidation of the liens and other specific claims thereon, the adjustment of the

priorities and conflicting interests of all parties, the marshalling and disposition of the funds and assets, and all matters and things to be done under and in virtue of the bankruptcy, with full authority to compel obedience to all orders and decrees in bankruptcy, to the same extent as this court has authority in any suit in equity. If, however, the case arises in which that summary jurisdiction, comprehensive as it is, seems inadequate, concurrent jurisdiction is, by the second section, given to this court, to entertain an action at law or a suit in equity by the assignee against any person claiming an adverse interest, or by such person against the assignee, touching any property or rights of property of the bankrupt, transferable to or vested in such assignee. The assignee must, in such cases, proceed at law or in equity, according to the nature of the case; and, where he proceeds by bill in equity, his suit is subject to the ordinary rules governing this court, and regulating its discretion as a court of equity, in other cases. Therefore, on an application for an injunction and a receivership, in the first instance, where the plaintiff insists that it be granted before the merits of the controversy shall be examined and considered on all the proofs of both parties, on all the questions of law and fact, he must not only show a case of adverse and conflicting claims, and that the case is one of equitable cognizance, but he must show some emergency, some peril of loss which the court will be unable completely to redress; and the danger must be clear, and the right, in general, free from reasonable doubt.

The present suit is, undoubtedly, brought in reliance upon the provision of the second section of the act, for the purpose of determining the adverse claims of the receivers appointed by the state court, to hold and administer the property of the copartnership lately composed of the bankrupt defendants. So far as it seeks affirmative relief, by way of injunction or otherwise, against the bankrupts themselves, I perceive no ground for coming to this court by bill in equity. The summary jurisdiction of the district court embraces ample power to compel obedience by them to all orders and decrees necessary to enforce the surrender and appropriation of their property; and, if they are proper parties in a case like the present, in which their claims and interests may be affected, no order for an injunction against them is called for.

As it respects the other defendants, assuming, for the purposes of this motion, that the plaintiff is right in bringing his suit to determine the effect of the proceedings in bankruptcy upon the action pending in the state court, and upon the title of those defendants as receivers, what facts are shown which constitute proper grounds for invoking the immediate interference of this court, by its injunction and receivership, pending the litigation? Certainly, it is no just reason for such interference, that the defendants assert a prior jurisdiction acquired by the state court over the property, and claim thereupon the power of that court to administer it; or, that they claim that they acquired title to the property by the appointment made in the state court, before any decree in bankruptcy, and that neither the jurisdiction of the state court nor their title is defeated by that decree; or, in short, that they make any of the claims which are put forward by their counsel on this motion. Such claims are not shown to be made in bad faith, with no belief in their correctness, for the purpose of accomplishing what we are at liberty to say is unjust or inequitable, or intended to impede the administration of the property according to law. They raise questions of law and present a conflict between the parties as to what is the law in the circumstances stated. The plaintiff proposes to settle those questions, we assume, in this litigation. If the inquiry is to be entertained, it is not shown that the property is in peril of waste or loss in the custody of the state court, or that the receivers are violating their supposed duty in the temporary care of the property, or that they are irresponsible, or that they threaten or are about to remove the property from the jurisdiction of the court, or that any future determination of the questions which have arisen between the parties will be defeated, unless this motion should be granted. Nor does the circumstance that the decree itself, which lies at the foundation of the plaintiff's title, is not acquiesced in, but is sought to be reviewed, strengthen the case of the plaintiff. Provision is made in the act itself for such review, and, if the defendants deem the decree erroneous, no inference of bad faith or violation of equity arises from their seeking such review, while at the same time the legal operation and effect of the decree is denied by them to be such as is insisted by the plaintiff. These considerations lead to the conclusion that the case as now presented does not call for a preliminary injunction or a receivership. The motion must, therefore, be denied.